IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| CAMPANILE INVESTMENTS LLC, JOAQUIN JUAN BOSCO GARZA MUGUERZA, | § § § § § | |
|---|---|---|
| *Plaintiffs,* | § § | SA-17-CV-00337-FB |
| vs. | § § | |
| WESTMORELAND EQUITY FUND LLC, ED RYAN, AMERICAN ESCROW AND SETTLEMENT SERVICES, BERNARD FELDMAN, ELIAS CORREA MENENDEZ, ALAN FELDMAN, LYDECKER, LEE, BERGA &AMP; DE ZAYAS, LLC, | § § § § § § § § § | |
| *Defendants.* | § | |

# **ORDER**

Before the Court is the above-styled cause of action. On April 24, 2019, the Court held a hearing, at which Plaintiffs and Defendants Ed Ryan a/k/a Sandy Hutchens and Bernard Feldman appeared through counsel. At the hearing, the Court heard argument on the following pending motions: Defendant Sandy Hutchens Motion to Compel Answers to Interrogatories and for Protective Order [#97], Defendant Sandy Hutchens Motion to Compel Arbitration and Dismiss or to Stay [#98], Plaintiffs' Opposed Motion for Leave to File their Third Amended Complaint [#99], Plaintiffs' Motion to Compel Defendant Ed Ryan a/k/a Sandy Hutchens' Answers to Plaintiffs' Interrogatories and Requests for Production [#105], and Defendant Westmoreland Equity Fund LLC Motion to Set Aside Default Judgment [#107].

At the close of the hearing, the Court indicated it would take the motion to compel arbitration under advisement and allow the parties seven days to file supplemental briefing. The Court also issued certain oral rulings on the parties' discovery disputes and Plaintiffs' request for

1

leave to file a Third Amended Complaint, which the Court now memorializes with this written Order. Finally, the Court will deny Hutchens's motion to set aside the Clerk's entry of default against Defendant Westmoreland Equity Fund LLC ("Westmoreland").

The Court will grant Plaintiffs' motion to compel Hutchens's answers to Plaintiffs' interrogatories and requests for production, as Hutchens acknowledged at the hearing that he has not responded to any of Plaintiffs' discovery requests. Hutchens will have 14 days to respond to Plaintiffs' interrogatories and requests for production but may have 30 days to actually produce the relevant responsive documents. Despite the untimeliness of Hutchens's responses, the Court will not deem any objections waived at this time in light of Mr. Hutchens's *pro se* status. However, Mr. Hutchens is warned that failure to comply with the deadlines in this Order could result in deeming his objections waived.

The Court will dismiss Hutchens's motion to compel Plaintiffs' answers to interrogatories without prejudice to refiling a motion to compel specifically identifying a basis for challenging the objections raised by Plaintiffs. The parties shall confer within the next 14 days on any objections at issue, and Hutchens has 21 days to file any renewed motion to compel.

The Court will grant Plaintiffs' motion for leave to file an amended complaint under the liberal standard for amending pleadings set forth in Rule 15(a) of the Federal Rules of Civil Procedure because Defendants failed to establish any undue delay or bad faith on the part of Plaintiffs or any undue prejudice the amendment would cause Defendants. *See United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

The Court will deny Hutchens's motion to set aside the default judgment against Westmoreland. Hutchens asks the Court to set aside the Clerk's entry of default against

Westmoreland and permit him to file an answer on Westmoreland's behalf, alleging that Westmoreland was never informed of service of Plaintiffs' complaint in this lawsuit.

Regardless of whether Westmoreland was properly served, Westmoreland is a single-member limited liability corporation ("LLC"), which cannot represent itself without licensed counsel in federal court. *See Yanmar Am. Corp. v. Vina Tractor Co.*, No. 3:12-CV-2479-M, 2013 WL 12123943, at *1 (N.D. Tex. Mar. 20, 2013) (denying motion to set aside default judgment because "LLCs may not represent themselves in federal court"); *see also Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) ("Although 28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney."); *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Because both a partnership and a corporation must appear through licensed counsel, and because a limited liability company is a hybrid of the partnership and corporate forms, . . . a limited liability company also may appear in federal court only through a licensed attorney.") (internal citations omitted).

The Court is not persuaded by Hutchens's argument that a single-member LLC should be treated like a sole proprietorship with respect to federal rules on *pro se* representation. *See M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010) (sole proprietorship need not be represented by an attorney because it "has a legal existence only in the identity of the sole proprietor"). Hutchens directs the Court to an IRS informational bulletin explaining that, for income tax purposes, the IRS treats a single-member LLC as a "disregarded entity" with no existence separate from its owner such that it can be included as part of its owner's tax return. (Reply [#111] at 8.) Hutchens has provided the

Court with no authority, nor has the Court identified one, that holds this IRS designation translates to an ability to disregard an LLC's corporate entity for purposes of self representation in federal court. *See Nest Int'l, Inc. v. Balzamo*, No. CIV.A. 12-2087 JBS, 2012 WL 1584609, at *1 (D.N.J. May 3, 2012) ("Defendant Balzamo cannot represent Defendant Zamo; even LLCs with a single member must be represented by counsel because they have a legal identity separate from their members."). This denial will be without prejudice to Westmoreland retaining licensed counsel to represent it in this action.

**IT IS THEREFORE ORDERED** that Defendant Sandy Hutchens Motion to Compel Answers to Interrogatories and for Protective Order [#97] is **DISMISSED WITHOUT PREJDUICE**. The parties are ordered to confer on the issues raised in Defendant's motion, and Hutchens may file a renewed motion to compel identifying the specific bases for challenging Plaintiffs' objections on or before **May 16, 2019**.

**IT IS FURTHER ORDERED** that Plaintiffs' Opposed Motion for Leave to File their Third Amended Complaint [#99] is **GRANTED**. The Clerk is directed to file Plaintiffs' Third Amended Complaint [#99-1].

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Defendant Ed Ryan a/k/a Sandy Hutchens' Answers to Plaintiffs' Interrogatories and Requests for Production [#105] is **GRANTED**. Hutchens is ordered to respond to Plaintiffs' discovery requests on or before **May 9, 2019** and produce all requested documents on or before **May 27, 2019**.

**IT IS FURTHER ORDERED** that Defendant Westmoreland Equity Fund LLC Motion to Set Aside Default Judgment [#107] is **DENIED WITHOUT PREJUDICE** to Westmoreland finding licensed counsel to represent it in this action.

**IT IS FINALLY ORDERED** that the parties provide the Court with any supplemental briefing in support of or in response to Defendant Sandy Hutchens's Motion to Compel Arbitration [#98] on or before **May 2, 2019**.

SIGNED this 25th day of April, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE